UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

In re D.A. ELIA CONSTRUCTION CORP.

        Plaintiff,

    v.

                                 DECISION AND ORDER
                                    07-CV-143A

DAMON & MOREY, LLP,

        Defendant.

---

## **INTRODUCTION**

On February 14, 2007, plaintiff D.A. Elia Construction Corp. ("Elia") commenced an action in New York State Supreme Court against defendant Damon & Morey LLP, the law firm that represented Elia as debtor in connection with a massive Chapter 11 reorganization.  The state law complaint asserted claims of legal malpractice, breach of contract, conversion and attorney misconduct in violation of § 487 of New York State Judiciary Law.

Damon & Morey removed the action to federal court under 28 U.S.C. § 1452(a), asserting that the state law claims "arise in" or are "related to" Elia's Chapter 11 petition within the meaning of 28 U.S.C. § 1334.  Damon & Morey moved for dismissal and/or summary judgment under principles of *res judicata* and sought monetary sanctions and injunctive relief against Elia.  Elia opposed the motion and moved to remand.

For the reasons stated below, the Court: (1) denies Elia's motion to remand; (2) grants summary judgment because all of the state law claims are barred by *res*

*judicata;* and (3) denies the motion for sanctions and injunctive relief without prejudice.

## BACKGROUND

**A.    Elia's Chapter 11 Bankruptcy and the Related Attorneys' Fee Dispute**

In order to fully address the issues relevant to this case it is necessary to summarize briefly the relationship and prior proceedings between the parties.[1]

On March 30, 1994, Elia filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code.  Shortly thereafter, Elia moved to employ Damon & Morey as its counsel.  The bankruptcy court granted that motion in June 1994.

Damon & Morey's representation of Elia in connection with the Chapter 11 matter was extensive and spanned over 10 years.  The firm also represented Elia in numerous other related federal and state court lawsuits, including over eight federal court actions and a bench trial before the New York Court of Claims.  Damon & Morey acted at the direction of the debtor and its principal, David A. Elia, who is also an attorney.

Damon & Morey obtained favorable results in many of the proceedings.  The firm, working at times in conjunction with other counsel, obtained various judgments and settlements that benefitted the estate.  The firm also successfully objected to numerous claims on Elia's behalf, which led to expungement of almost $1 million in claims against the bankruptcy estate.  In the end, the bankruptcy was quite successful.

---

[1] The Court takes judicial notice of the proceedings discussed herein and the legal documents filed in connection with those proceedings.

The total funds collected through the various litigation and settlement proceedings ultimately exceeded the total amount of creditor claims, thereby leaving a surplus in the estate.

Following payment in full of all creditors, Damon & Morey moved in bankruptcy court for an award of attorneys fees under 11 U.S.C. § 330.  The bankruptcy court had granted several interim fee applications throughout the course of the bankruptcy and in June 2004 Damon & Morey filed its final fee application seeking $358,756.62 in attorneys fees and disbursements.  Elia strenuously opposed the final fee application asserting, among other things, that the firm had committed legal malpractice and had labored under various conflicts of interest.

On October 19, 2004, the bankruptcy judge presiding over the Elia's Chapter 11 proceeding granted Damon & Morey's final fee application in full and rejected Elia's objections as simply a "gambit" to avoid paying counsel fees.  The bankruptcy judge also found that Elia's allegations of malpractice lacked credibility and were belied by the record.

Elia appealed the bankruptcy court's ruling on the attorneys' fees issue to this Court.  On June 19, 2006, this Court issued a Decision and Order affirming the bankruptcy court's October 19, 2004 award of attorneys' fees.  *See* Decision and Order dated June 19, 2006, in *In re Elia*, 04-CV-975, Dkt. No. 21 (affirming the bankruptcy court's award of 11 U.S.C. § 330 fees and outlining the bankruptcy court proceedings relating thereto).

Elia then appealed this Court's Decision and Order to the United States Court of Appeals for the Second Circuit.  On June 28, 2007, the Second Circuit issued a

Summary Order affirming this Court's judgment.  *See* Summary Order in *In re Elia*, 04-CV-975, Dkt. No. 33.

### B.    Filing of the State Court Action and Removal

While the matter was on appeal to the Second Circuit, Elia filed a complaint against Damon & Morey on February 14, 2007 in New York State Supreme Court asserting various state law causes of action relating to the firm's legal representation of Elia during the Chapter 11 proceeding.  Specifically, the complaint alleges breach of a legal retainer agreement (first cause of action); legal malpractice (second cause of action); conversion (third cause of action) and attorney misconduct in violation of § 487 of the New York State Judiciary Law (fourth cause of action).

Damon & Morey promptly removed the action to this Court asserting that all of Elia's state law claims either "arise in" or are "related to" the Chapter 11 proceeding, and as such, this Court has original jurisdiction over those claims under 28 U.S.C. § 1452(a).  Damon & Morey then moved for dismissal and/or summary judgment asserting that all of the state law claims are barred by *res judicata*.  Elia opposed the motion and moved to remand the case back to state court.  This Court heard argument on February 7, 2008, at which point the matter was deemed submitted.

### DISCUSSION

### A.    Motion to Remand

Damon & Morey removed the action to this Court asserting jurisdiction under 28 U.S.C. § 1334(b) which provides:

4

> (b) Except as provided in subsection (e)(2), and
> notwithstanding any Act of Congress that confers exclusive
> jurisdiction on a court or courts other than the district courts,
> the district courts shall have original but not exclusive
> jurisdiction of all civil proceedings arising under title 11, or
> arising in or related to cases under title 11.

*See* 28 U.S.C. § 1334(b).  Damon & Morey asserts that all of Elia's state law claims "arise in" or are "related to" the Chapter 11 proceeding.  If Damon & Morey is correct, removal was proper under 28 U.S.C. § 1452(a) (permitting a party to remove a cause of action to district court where the district court has jurisdiction of the claim under 28 U.S.C. § 1334).

A cause of action "arises under" Title 11 when the relief sought is based on a right created by Title 11.  A matter "arises in" Title 11 when "the gravamen of the proceeding arises in the particular bankruptcy case and would have no existence outside of bankruptcy."  *See Studebaker-Worthington Leasing Corp. v. Michael Rachlin & Co.*, 357 F. Supp.2d 529, 535 (E.D.N.Y. 2004); *Pinnacle Corp. v. Long-term Capital Mgmt.*, 237 B.R. 240, 242 (D. Conn. 1999).  The Fifth Circuit explained the difference between "arising under" and "arising in" jurisdiction as follows:

> Congress used the phrase "arising under title 11" to describe those
> proceedings that involve a cause of action created or determined by a
> statutory provision of title 11.  Apparently, the phrase was taken from 28
> U.S.C. § 1331, conferring federal question jurisdiction in which it carries a
> similar and well-accepted meaning. The meaning of "arising in"
> proceedings is less clear, but seems to be a reference to those
> "administrative" matters that arise *only* in bankruptcy cases.  In other
> words, "arising in" proceedings are those that are not based on any right
> expressly created by title 11, but nevertheless, would have no existence
> outside of the bankruptcy.

*See Matter of Wood*, 825 F.2d 90, 96 -97 (5th Cir. 1987)(footnotes and citations omitted)(emphasis in original).

Elia's complaint raises four causes of action: (1) a breach of contract action alleging that Damon & Morey breached its retainer agreement with Elia by "failing to provide adequate legal representation" in connection with the Chapter 11 and related proceedings, *see* Verified Compl, Dkt 1, Ex. C, at ¶ 15; (2) a negligence action alleging that Damon & Morey committed legal malpractice in connection with the legal services rendered during those proceedings; (3) a claim for conversion of funds belonging to the bankruptcy estate; and (4) an allegation of attorney misconduct committed during the bankruptcy proceedings, which Elia claims violated § 487 of the New York State Judiciary Law.

There can be no doubt that all of Elia's state law claims "arise in" the bankruptcy proceeding within the meaning of 28 U.S.C. § 1334.  The gravamen of each cause of action is that Damon & Morey provided substandard legal services in the course of representing Elia in the Chapter 11 and related legal proceedings.  But for Damon & Morey's representation of Elia in the bankruptcy case, there would be no cause of action.  Since all of the state law claims "would have no existence outside of the bankruptcy," *see Matter of Wood*, 825 F.2d at 97, the "arise in" requirement is clearly met.  Therefore, removal of this action was proper under 28 U.S.C. § 1452(a) and the motion to remand is denied.[2]

---

[2] Alternatively, Elia argues that even if removal was proper, remand should be granted on equitable grounds.  As will be made clear below, remand on equitable grounds is inappropriate since all of the state law claims are barred by *res judicata*.

**B.**     **Motion for Summary Judgment on *Res Judicata* Grounds**

Following removal, Damon & Morey moved to dismiss plaintiff's state law causes of action, or alternatively moved for summary judgment, arguing that all of Elia's claims are barred by the doctrine of *res judicata*. For the reasons stated, the Court agrees.

In considering a motion for summary judgment, this Court draws all factual inferences in favor of the nonmoving party. *See Davis v. Blige,* 505 F.3d 90, 97 (2d Cir. 2007). Summary judgment is only appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see Brown v. Felsen*, 442 U.S. 127, 131 (1979); *NLRB v. United Technologies Corp.*, 706 F.2d 1254, 1259 (2d Cir. 1983). To determine whether the doctrine of *res judicata* bars a subsequent action, the Court considers whether: (1) the prior decision was a final judgment on the merits; (2) the litigants were the same parties; (3) the prior court was of competent jurisdiction; and (4) the causes of action were the same.

*See In re Layo,* 460 F.3d 289, 291 (2d Cir. 2006); *Corbett v. MacDonald Moving Servs., Inc.,* 124 F.3d 82, 87-88 (2d Cir. 1997). In the bankruptcy context, the Court also considers whether an independent judgment in a separate proceedings would impair, destroy, challenge, or invalidate the enforceability or effectiveness of a reorganization plan. *In re Layo,* 460 F.3d at 292; *Corbett,* 124 F.3d at 87-88.

As to the first factor, the bankruptcy court's prior decision awarding attorneys'

fees to Damon & Morey under 11 U.S.C. § 330 was clearly a final judgment on the merits.  Indeed, it was appealed as a final judgment by Elia to this Court and, after this Court entered judgment on the appeal against Elia, Elia appealed this Court's final judgment to the Second Circuit.  The Second Circuit then issued its own judgment rejecting Elia's objections to the award of the attorneys' fees.

As to the second factor, the parties to this action and the prior fee dispute are identical.  As to the third factor, the bankruptcy court was a court of competent jurisdiction with authority under 11 U.S.C. § 330 adjudicate the fee dispute.

As to the fourth factor, identity of claims for *res judicata* purposes exists when the second cause of action involves the same "claim" or "nucleus of operative fact" as the first.  *See In re Layo*, 460 F.3d at 292 (citing *Interoceanica Corp. v. Sound Pilots, Inc.,* 107 F.3d 86, 90 (2d Cir. 1997)).  The "nucleus of operative facts" in both proceedings - this action and the bankruptcy fee application - are the same.  Both actions challenge the quality of legal services rendered by Damon & Morey as debtor's counsel in the bankruptcy and related proceedings.  All four state law claims are premised upon some allegation that the firm committed malpractice in rendering those legal services.[3]

---

[3]  It is of no consequence that Elia attempts to characterize some of its state law claims as breach of contract, conversion and judiciary law violations because it is clear that all of those state law claims are founded upon some complaint about the quality of legal services provided by the firm in connection with the Chapter 11 proceeding.  *See In re Teltronics Inc.*, 762 F.2d 185, 192 (2d Cir. 1985) ("New legal theories do not amount to a new cause of action so as to defeat the application of the principle of *res judicata*.").  Further, to the extent that Elia now claims that some of its malpractice actions relate to pre-petition malpractice, that allegation is belied by the allegations in the complaint itself, which outlines malpractice and other misconduct alleged to have been committed in connection with the bankruptcy and related proceedings.

In *Grausz v. Englander*, 321 F.3d 467 (4th Cir. 2003), the Fourth Circuit addressed whether a legal malpractice claim brought after the entry of a final order approving fees under 11 U.S.C. § 330 was barred by the doctrine of *res judicata*.  The Court held that it was because the "legal malpractice claim [was] rooted in the same cause of action as the earlier claim for [attorneys'] fees."  *Id.* at 473.  Likewise, the First and Fifth Circuits have also considered this issue and held that state law malpractice claims brought after the entry of a final order approving 11 U.S.C. § 330 fees are barred by the doctrine of *res judicata.  See In re Iannochino*, 242 F.3d 36 (1st Cir. 2001); *In re Intelogic Trace, Inc.*, 200 F.3d 382 (5th Cir. 2000); *see also In re Robotic Vision Sys., Inc.*, 343 B.R. 393 (D.N.H. 2005); *In re Blair*, 319 B.R. 420 (D. Md. 2005)   In so ruling, the Circuits considered whether the plaintiff knew or should have known about the basis of its malpractice claim at the time that attorneys fees were approved and whether the bankruptcy court provided an effective forum to litigate those claims.  *See Grausz*, 321 F.3d at 473-74; *In re Intelogic Trace*, 200 F.3d at 388.

As in *Grausz* and *Intelogic*, all of the misconduct alleged to have been committed by Damon & Morey was known to Elia at the time that the bankruptcy court approved the final fee application.  In fact, many of the same allegations made by Elia in its state law complaint were previously made by Elia in its objections to Damon & Morey's final fee application.  Specifically, Elia argued to the bankruptcy court that the firm had labored under a conflict of interest, had committed legal malpractice and had failed to turn over money owed to the estate.  The bankruptcy court provided Elia with ample opportunity raise those claims, but ultimately rejected them as meritless.  Both this Court and the Second Circuit have expressly determined that the bankruptcy court gave

9

adequate consideration to Elia's allegations of malpractice.  See *In re Elia*, 04-cv 975, Dkt. No. 21 (this Court's order affirming bankruptcy court's award of § 330 fees and finding that bankruptcy court considered but rejected the malpractice allegations); and *id*. at Dkt. No. 33, at 3 and 4 (Second Circuit's Summary Order determining that the bankruptcy court gave Elia "more than ample opportunity to present its arguments" regarding its claims of "conflicted and negligent representation").  As such, it cannot be said that Elia was denied the opportunity to raise these claims in the prior action.[4]

In making its determination as to whether  Damon & Morey's fee application should be granted, the bankruptcy court was required to consider "the nature, the extent, and the value of such services."  *See* 11 U.S.C. § 330(a)(3).  Its approval of Damon & Morey's fees necessarily involved an assessment of the quality of work performed by the firm and a rejection of Elia's allegations of misconduct.  Indeed, as this Court stated in connection with its Decision and Order affirming the bankruptcy court:

> The bankruptcy court fully considered [Elia's] allegations of misconduct
> but found them to be without merit.   As is evident from the record,
> [Bankruptcy] Judge Kaplan was nothing short of astounded by those allegations.  So

---

[4]  Elia's claim that the bankruptcy court "explicitly refused to hear any allegations related to attorney malpractice" *see* Dkt. 12, at ¶ 24, is simply inaccurate and distorts the bankruptcy court's ruling.  The bankruptcy judge explicitly refused to hear Elia's claim that the firm had committed *pre-petition* malpractice (i.e. malpractice before the firm was appointed as debtor's counsel in 1994).  Elia had argued to the bankruptcy court that it had an oral agreement with the firm to permit Elia to raise its pre-petition malpractice claims in connection with the firm's application for fees under 11 U.S.C. § 330.  Damon & Morey denied the existence of any such oral agreement and the bankruptcy judge scoffed at the notion, indicating that any such oral agreement would be improper because the bankruptcy court lacked jurisdiction to adjudicate pre–petition malpractice claims.  The bankruptcy judge also suggested that any pre-petition malpractice claim should have been timely pursued in state court.  However, as to Elia's claims of post-petition malpractice (which comprised the majority of its objections to the § 330 application), the bankruptcy judge fully considered - but rejected - Elia's allegations.

much so that, after hearing argument on the objections, he gave the debtor an
opportunity to submit further evidence and briefing in support of its position.  After
reviewing those supplemental submissions, [Bankruptcy] Judge Kaplan found that the
allegations of malpractice and misconduct lacked credibility and were belied by the
record.

*See* Decision and Order dated June 19, 2006, at 20, in *In re Elia*, 04-cv 975, Dkt. No.

21 (affirming bankruptcy court's award of § 330 fees).  This Court further observed that:

> having presided over this massive reorganization for nearly ten years,
> Judge Kaplan was in the best position to evaluate the value of the
> services performed by Damon & Morey, the extent to which those services
> benefitted the estate, and the extent to which any of the alleged conflicts
> may have caused [Elia] prejudice.

*Id.* at 21.  The present action is nothing more than an attempt by Elia to relitigate issues

that were previously decided against it by the bankruptcy court, this Court and the

Second Circuit.  Such conduct represents the very essence of what the *res judicata*

doctrine was designed to foreclose - the relitigation of previously decided issues in a

subsequent action.  In accordance with *Grausz, Intelogic Trace* and *Iannochino*, this

Court finds that Elia's state law claims are barred by *res judicata.*


C.      **Motion for Sanctions and Injunctive Relief**

        In its motion, Damon & Morey also requests that the Court impose monetary

sanctions and that it enjoin Elia from "commencing further proceedings before any

court, tribunal, governmental or regulatory body regarding any of those matters which

are the subject of the lawsuit or which were the subject of the [bankruptcy fee dispute]."

*See* Dkt. 9, at 20.  The firm cites 28 U.S.C. § 1927 and this Court's inherent power to

11

sanction as authority for its request.[5]

Section 1927 provides that sanctions may be imposed upon a party who intentionally and unreasonably delays or multiplies legal proceedings.  The statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*See* 28 U.S.C. § 1927.  The statute authorizes the imposition of sanctions only "when there is a finding of conduct constituting or akin to bad faith." *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 180 (2d Cir. 2004), *cert. denied*, 543 U.S. 1177 (2005); *Sakon v. Andreo,* 119 F.3d 109, 114 (2d Cir. 1997).  The Second Circuit has held that an award of sanctions under § 1927 is permissible only "'when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'"  *State Street Bank*, 374 F.3d at 180 (quoting *In re 60 East 80th Street Equities,* 218 F.3d 109, 115 (2d Cir. 2000)).

This Court also has the inherent power to sanction parties and their attorneys, which is derived from the Court's authority to manage its own affairs to achieve the orderly and expeditious disposition of cases.  *See Revson v. Cinque & Cinque, P.C.*,

---

[5]  Damon & Morey also cites Fed. R. Civ. P. 11 as a basis for imposing sanctions. However, because § 1927 and this Court's inherent power provide adequate authority for the imposition of sanctions and appear to speak more directly to the conduct in this case, the Court finds it unnecessary to address whether sanctions could also be imposed under Rule 11.

221 F.3d 71, 78 (2d Cir. 2000) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)).  The Second Circuit has cautioned that a decision to impose sanctions under either § 1927 or the Court's inherent power should be made "with restraint" and may not be imposed unless the Court finds clear evidence that:  "'(1) the offending party's claims were entirely meritless; and (2) the party acted for improper purposes.'"  *Id. (*quoting *Agee v. Paramount Communications Inc.,* 114 F.3d 395, 398 (2d Cir. 1997)).

As is readily apparent from this Decision and Order, the Court finds Elia's arguments in favor or remand and against the motion for summary judgment to be completely without merit.  In opposing the motion to dismiss on *res judicata* grounds, Elia did not even attempt to distinguish the most obviously relevant case law against it - the First, Fourth and Fifth Circuit rulings holding that a bankruptcy court's grant of fees under 11 U.S.C. § 330 bars any subsequent malpractice claims premised upon those same services.  *See Grausz v. Englander*, 321 F.3d 467 (4th Cir. 2003); *In re Iannochino*, 242 F.3d 36 (1st Cir. 2001); *In re Intelogic Trace, Inc.*, 200 F.3d 382 (5th Cir. 2000).[6]  Instead, Elia attempts to mischaracterize the record by suggesting that the bankruptcy court never considered its claims of malpractice and attorney misconduct.  Both this Court and the Second Circuit have expressly rejected that argument and have found that the bankruptcy court gave adequate consideration to Elia's claims of post-petition malpractice.  See *In re Elia*, 04-CV-975, Dkt. No. 21, at 20 (this Court's Decision and Order stating that "[t]he bankruptcy court fully considered [Elia's]

---

[6]  Of course, the Court recognizes that those Circuit decisions provided only persuasive and not binding legal authority.  However, in the absence of any Second Circuit authority to the contrary, the Court finds Elia's failure to even address or distinguish those cases troublesome.

allegations of misconduct but found them to be without merit"); and *id*. at Dkt. No. 33, at 3 and 4 (Second Circuit Summary Order stating that the bankruptcy court gave Elia "more than ample opportunity to present its arguments" regarding its claims of "conflicted and negligent representation").

In light of those express findings, it is difficult to believe that the state court action was filed by Elia in good faith.  Even if Elia did have some good faith basis for initially filing its state court claims, it should have been clear that its position was meritless upon reviewing the cases cited in Damon & Morey's motion to dismiss.  This is particularly true where, as here, Elia's principal is also an attorney and therefore presumably understood the *res judicata* arguments being raised.  Nevertheless, Elia chose to oppose the motion and filed its own motion to remand.

The foregoing certainly provides sufficient evidence for this Court to conclude that the instant action was brought in bad faith and for the purpose of harassment and delay.  The Court also notes that Elia has filed two separate bankruptcy appeals and both of those appeals are currently pending before this Court.  *See In re D.A. Elia Constr. Corp.*, 07-CV-754, and *In re D.A. Elia Constr. Corp.*, 08-CV-103.   The Court has not yet had a full opportunity to consider the merits of those appeals.[7]

At this juncture the Court finds it prudent to heed the Circuit's admonition to exercise restraint and denies Damon & Morey's motion for sanctions and injunctive relief without prejudice.  If, upon consideration of the pending bankruptcy appeals, it is determined that  those appeals are frivolous and were brought for the purpose of

---

[7]  One of the appeals was dismissed on procedural grounds and a motion by Elia to reinstate the appeal is currently pending.

14

harassment and delay, the Court will entertain a renewed motion by Damon & Morey for monetary sanctions and/or injunctive relief.  In the interim, Elia is forewarned that any subsequent attempts to relitigate issues that have been finally adjudicated in connection with the attorney fee dispute will be deemed to be brought in bad faith and may provide the basis for imposing sanctions and/or injunctive relief.  Elia also would be well advised to consider voluntarily withdrawing any of the pending bankruptcy appeals if it now knows or should know that the appeal is without merit.

## CONCLUSION

For the reasons stated, the Court hereby: (1) denies Elia's motion to remand; (2) grants Damon & Morey's motion for summary judgment on *res judicata* grounds; and (3) denies the motion for sanctions and injunctive relief without prejudice.


SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  March 31, 2008